**TARA J. ELLIOTT**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Tara.Elliott@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **LEONARD GEORGE CARLETON,** Defendant. | CR 21-43-M-DLC **SENTENCING MEMORANDUM** |

## INTRODUCTION

Carleton pleaded guilty to a Superseding Information which charged the crime of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Doc. 14.

1

The draft presentence investigation report ("Draft PSR") calculated a Base Offense Level ("BOL") of 36 using a converted drug weight of 60,832 kilograms which included "relevant conduct." Draft PSR ¶ 27. Carleton objected to this calculation arguing that his drug activity on June 2, 2021 was not relevant conduct because it was a "subsequent act unrelated to the crime at issue." PSR Add. The PSR writer apparently agreed, and without affording the opportunity for the Government to address the objection, issued a Final PSR which calculated a BOL of 30, holding the Defendant responsible only for the 53.6 grams of methamphetamine that the Defendant sold to a confidential informant on May 13, 2021, which was the subject of the Superseding Information. PSR ¶ 27; Doc. 14.

The Government objects to the final calculation of the BOL and respectfully requests that the Court use the initial calculation of the Draft PSR with a BOL of 36 which would lead to a Total Offense Level ("TOL") of 35 and with a Criminal History Category of I, the advisory guideline range would be 168 to 210 months.[1]

## ARGUMENT

**A.    The Base Offense Level**

The recovery of methamphetamine from Carleton's shop and vehicle on June 2, 2021, two weeks after the date of the conduct in the Superseding

---

[1] There are no objections to any other aspect of the BOL by either party.

Information, should be considered "relevant conduct" and increase Carleton's BOL from 30 to 36.

Carleton cites to a Fourth Circuit case from 2013, *United States v. Ashford*, 718 F.3d 377, 383, and appears to submit that since the conduct at issue was subsequent to the offense of conviction, it cannot be considered relevant conduct under the guidelines. He is incorrect.

Under Section 1B1.3(a)(1)(A) of the Sentencing Guidelines, relevant conduct in a drug case includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." Separate offenses are part of the "same course of conduct" if they are sufficiently connected or related to each other as to warrant the conclusion they are part of a single episode, spree, or ongoing series of offenses. USSG §1B1.3, comment. (n. 5(B)). In deciding whether offenses are part of the "same course of conduct," the sentencing court should consider (1) the degree of similarity of the conduct in question, (2) the regularity (repetitions) of the conduct, and (3) the time interval between the conduct. *Id.*; *Hahn*, 960 F.2d at 910 (the sentencing court is to consider such factors as the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern). There must be "sufficient similarity and temporal proximity to

3

reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct." *Id*. (quoting William W. Wilkins, Jr., & John R. Steer, Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines, 41 S.C.L.Rev. 495, 515-16 (1990)). When one factor is missing, a stronger presence of at least one of the remaining factors is required. USSG §1B1.3, comment. (n. 9(B)).

Additionally, the Sentencing Guidelines require district courts to consider as relevant conduct "drug amounts from acts outside the offense of conviction, so long as they 'were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Grissom*, 525 F.3d 691, 697–98 (9th Cir.2008) (quoting USSG §1B1.3(a)).

First, these offenses are similar in character in that they are both crimes of possession with the intent to distribute methamphetamine. They were in the same area of Missoula, and it was the same drug. In addition, the victim -- societal harm -- was the same both times. *See United States v. Hill*, 79 F.3d 1477, 1483, cert. denied, 117 S. Ct 158 (1996) ("[T]he same factors listed as supporting a finding of a 'common scheme or plan', which include common victims, common offenders, common purpose, or similar modus operandi, may also bolster the similarity factor in analyzing whether a prior offense is part of the 'same course of conduct' as the

4

offense of conviction."). Also, the offenses were closely connected in time – only twenty days apart.

The Government submits that the methamphetamine possessed by Carleton on June 2, 2021 is "relevant conduct" and should increase his BOL from 30 to 36.

**B.     United States Sentencing Recommendation and 18 U.S.C. § 3553(a)**

Carleton is currently 58 years old and he has no scorable criminal history. Section 3553(a) of Title 18 of the United States Code contains the following directive: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

The Court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (3) - (7).

Carleton's actions are serious and have a direct impact on the community. The distribution of methamphetamine is crippling communities throughout Montana and the United States. Although drug offenses can sometimes be referred to as "victimless" crimes, methamphetamine distribution and use leaves countless numbers of victims. The drug users, their families, and the communities they live in are all impacted by the distribution of this dangerous drug. The use of methamphetamine leads to irrational and sometimes unconscionable decisions, including violence.

In evaluating the totality of this offense, as well as the individual history and characteristics of the Defendant, the Government submits that a guideline sentence, as ultimately calculated by the Court is sufficient to provide just punishment for Carleton, deter him from such conduct in the future, and also protect the public for a necessary period of time.

The Government believes that a sentence within the advisory guideline range will adequately address all of the § 3553(a) factors and is sufficient, but not greater than necessary.

//

//

//

DATED this 18th day of March, 2022.

                              LEIF M. JOHNSON
                              United States Attorney

                              */s/ Tara J. Elliott*
                              Assistant U.S. Attorney
                              Attorney for Plaintiff